```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION
```
PRIVILEGE UNDERWRITERS             :
RECIPROCAL EXCHANGE,               :
                                   :
     Plaintiff,                    :
                                   :
vs.                                :    CIVIL ACTION NO. 12-00734-B
                                   :
PETER GRAYSON,                     :
                                   :
     Defendant.                    :

## ORDER

The action is before the Court on review of the Court's subject matter jurisdiction. Plaintiff, Privilege Underwriters Reciprocal Exchange ("PURE"), filed this declaratory judgment action on December 5, 2012, on the basis of federal diversity jurisdiction.[1]  (Doc. 1 at 1).  In an order dated January 8, 2014, the Court observed that contrary to the allegations in Plaintiff's complaint, it does not appear that federal diversity jurisdiction exists in this case.  (Doc. 94).  The Court thus

---

[1] As stated in the Court's order dated January 8, 2014, Plaintiff had the obligation, as an entity filing suit as an unincorporated association, to indicate in its complaint the citizenship of each and every one of its members. See Federated Mut. Ins. Co. v. Eternal Servs., Inc., 2010 U.S. Dist. LEXIS 14323, *3, 2010 WL 582072, *1 (M.D. Ala. 2010) (unpublished) (citing Xaros v. U.S. Fidelity & Guar. Co., 820 F.2d 1176, 1181 (11th Cir. 1987)).  Plaintiff failed to do so, alleging, instead, that it was "a Florida domiciled insurance exchange" and that Defendant, Peter Grayson, was "an individual over the age of nineteen (19) [who] resides in Mobile County, Alabama." (Doc. 1 at 1).  These allegations are wholly insufficient to establish subject matter jurisdiction on the basis of diversity.

instructed Plaintiff to show cause as to why the case should not be dismissed due to lack of complete diversity.[2] (Id.).

On January 15, 2014, Plaintiff filed a response to the Court's show cause order conceding that the Court lacks subject matter jurisdiction in this case. (Doc. 98 at 1). Plaintiff stated that PURE "is a reciprocal exchange and based on the authority referenced by this Court in its Show Cause Order, PURE has now determined that there is not complete diversity." (Id.). Accordingly, in light of the Plaintiff's concession, this case is hereby **DISMISSED** without prejudice for lack of subject matter jurisdiction.

In addition, on January 14, 2014, Defendant Peter Grayson filed a motion for attorney's fees claiming that he was entitled to such an award based on the "conduct and trickery" of the Plaintiff. (Doc. 96). The Court finds, however, that Defendant himself bears much of the responsibility for this unjustified expense of judicial resources because Defendant, like Plaintiff, failed to conduct even the simplest research to determine

---

[2] As discussed in the Court's order dated January 8, 2014, "[b]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

whether the Court had subject matter jurisdiction in this case, despite noting in his Answer and Counterclaim that "Defendant admits the Complaint *purports* to invoke jurisdiction based on diversity of citizenship based on 28 U.S.C. § 1332, but the remaining allegations of ¶5 of the Complaint are denied." (Doc. 46 at 1) (emphasis added). Defendant's admission that the complaint "purports" to invoke federal jurisdiction certainly seems to suggest that at the very least defense counsel had reason to question whether federal jurisdiction actually existed in this case. However, Defendant has not pointed to a single step taken by defense counsel to determine whether federal jurisdiction actually existed. Having failed to undertake any investigation regarding this issue, Defendant cannot now complain about the unjustified expenditure of resources.

Accordingly, upon consideration of the foregoing, Defendant's motion for attorneys fees (Doc. 96) is **DENIED**. In addition, Defendant's motion to strike (Doc. 90), Defendant's request for extension of time (Doc. 88), Defendant's motion in limine (Doc. 73), Plaintiff's motion for summary judgment (Doc. 78), Plaintiff's motion for discovery (Doc. 82), and Plaintiff's motion to compel (Doc. 75) are **DENIED** as moot.

ORDERED this **16th** day of **January, 2014.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**